■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BIRCH, Appellant, v ROBERT J. HENDERSON, as Superintendent, Respondent.—Judgment unanimously affirmed upon the opinion at Special Term, Blauvelt, J. (Appeal from judgment of Cayuga Special Term denying application for writ of habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SWEENEY, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously reversed and a new parole revocation hearing granted. Memorandum: Petitioner appeals from a judgment dismissing a writ of habeas corpus in which he sought to challenge the validity of his parole revocation. Petitioner was charged with a number of parole violations, some of which he admitted and others which he denied. At the parole board hearing, petitioner's parole was revoked and he was remanded to the Attica Correctional Facility. Due process requires that prior to parole revocation a parolee be given a hearing before a "neutral and detached" board *(Morrissey v Brewer,* 408 US 471). The presence on the board of the former sheriff who originally arrested petitioner and who, it appears without contradiction, was a party to civil litigation instituted by petitioner, effectively destroyed that neutrality so that due process mandates another hearing. We do not pass on the merits of whether the parole violations were sufficient to commit petitioner. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.